UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

Case Number: 07-20025-CIV-MORENO

TOMAS RUIZ,

    Plaintiff,

vs.

ALBERTO R. GONZALEZ, Attorney General
of the United States, *et al.*,

    Defendants.

_____/



### ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION FOR JUDGMENT ON THE PLEADINGS

Petitioner Tomas Ruiz is a citizen of Cuba. Mr. Ruiz filed an Application for Naturalization on April 20, 1995. Mr. Ruiz attended the naturalization examination interview on April 19, 2006. Mr. Ruiz passed the English, U.S. History and Government tests at the examination interview. The United States Citizenship Immigration Services ("USCIS") has not yet determined Mr. Ruiz's naturalization application. The USCIS claims that it cannot determine Mr. Ruiz's naturalization application until the Federal Bureau of Investigation ("FBI") completes the background check of Mr. Ruiz.

Mr. Ruiz petitioned this Court to determine his naturalization application on January 5, 2007. Mr. Ruiz filed a Motion for Judgment on the Pleadings **(D.E. No. 6)** on June 18, 2007. The Motion for Judgment on the Pleadings asks this Court to retain jurisdiction to determine Mr. Ruiz's naturalization application or alternatively remand the application to the USCIS with an instruction to determine Mr. Ruiz's application within 60 to 120 days.

This Order grants in part and denies in part Mr. Ruiz's Motion for Judgment on the

Pleadings. Mr. Ruiz's application is remanded to the USCIS. The USCIS is instructed to determine Mr. Ruiz's naturalization application within 120 days from the date of this Order.

## LEGAL STANDARD

Judgment on the Pleadings is appropriate when "no issues of material fact exist, and the movant is entitled to judgment as a matter of law." Ortega v. Christian, 85 F.3d 1521, 1524 (11th Cir. 1996); Fed.R.Civ.P. 12(c).

## ANALYSIS

The Attorney General has the "sole authority to naturalize persons as citizens of the United States." 8 U.S.C. § 1421(a) (2006). Section 1446(a) of Title 8 of the United States Code permits the Attorney General to designate USCIS employees to evaluate naturalization applications and determine whether or not to grant the applications.

### A.    Subject Matter Jurisdiction

Congress has conferred jurisdiction on the United States District Courts to determine a naturalization application or compel the USCIS to determine an application when the USCIS fails to determine an application within 120 days after an "examination" of an applicant:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).

The Attorney General contends that this Court does not have subject matter jurisdiction over

this case because the term "examination" as used in 8 U.S.C. § 1447(b) means the entire evaluative process of an applicant including completion of the FBI background checks. The Attorney General asserts that this Court does not have jurisdiction over Mr. Ruiz's naturalization application because the FBI has yet to complete the FBI background check of Mr. Ruiz.

This Court disagrees with the Attorney General. "Examination" means the examination interview of the applicant. Three reasons support this conclusion. First, the inclusion of the word "date" in the phrase "the date on which the examination is conducted" indicates that examination refers to a discrete event, not the end of a process. Second, Section 1446 distinguishes between "examinations" and "investigations." Third, the Code of Federal Regulations requires that the USCIS shall make a determination on an application at the time of or within 120 days after conducting an "initial examination" of the applicant. *See* 8 C.F.R. § 335.3(a) (2006). The Regulations refer to the "initial examination" as an appearance before a "Service Officer." *See* 8 C.F.R. § 335.2(b) (2006).

The Fifth Circuit recently approved this interpretation. *See* Walji v. Gonzalez, 2007 WL 2685028 (5th Cir. 2007). This Court's holding is the majority view of the district courts. *See, e.g.*, Rodriguez v. Gonzales, No. 07-20022-CIV-UNGARO, slip op. at 4 (S.D. Fla. Mar. 20, 2007); Garcia v. Gonzales, No. 06-22386-CIV-LENARD/TORRES, slip op. at 5-6 (S.D. Fla. Dec. 22, 2006); Machado v. Gonzales, No. 06-22202-CIV-DIMITROULEAS, slip op. at 4 (S.D. Fla. Dec. 19, 2006); Malakhov v. U.S. Citizenship & Immigration Servs., No. 06-22299-CIV-JORDAN, slip op. at 1 (S.D. Fla. Dec. 8, 2006); Fernandez v. Gonzales, No. 06-22442-CIV-SEITZ/MCALILEY, slip op. at 3 (S.D. Fla. Dec. 5, 2006); Hussein v. Gonzales, 474 F. Supp. 2d 1265, 1268 (M.D. Fla. 2007).

The parties do not dispute that Mr. Ruiz attended his examination interview on April 19, 2006. More than 120 days has passed since April 19, 2006. This Court therefore has subject matter jurisdiction over Mr. Ruiz's application.

**B.     Remedy**

8 U.S.C. § 1447(b) authorizes this Court to determine Mr. Ruiz's application or remand his application to the USCIS with appropriate instructions. The Attorney General has asserted no reason other than lack of subject matter jurisdiction why this Court should not exercise this authority.

Mr. Ruiz asks this Court to determine his application because Mr. Ruiz fears that the USCIS will not timely decide his application. The majority of district courts, however, remand naturalization applications to the USCIS. *See* Rodriguez v. Gonzales, No. 07-20022-CIV-UNGARO, slip op. at 4 (S.D. Fla. Mar. 20, 2007); Garcia v. Gonzales, No. 06-22386-CIV-LENARD/TORRES, slip op. at 5-6 (S.D. Fla. Dec. 22, 2006); Machado v. Gonzales, No. 06-22202-CIV-DIMITROULEAS, slip op. at 4 (S.D. Fla. Dec. 19, 2006); Malakhov v. U.S. Citizenship & Immigration Servs., No. 06-22299-CIV-JORDAN, slip op. at 1 (S.D. Fla. Dec. 8, 2006); Fernandez v. Gonzales, No. 06-22442-CIV-SEITZ/MCALILEY, slip op. at 3 (S.D. Fla. Dec. 5, 2006); Hussein v. Gonzales, 474 F. Supp. 2d 1265, 1268 (M.D. Fla. 2007); Manzoor v. Chertoff, 472 F. Supp. 2d 801, 807 (E.D. Va. 2007); El-Daour v. Chertoff, 417 F. Supp. 2d 679 (W.D. Pa. 2005).

This Court elects to follow the majority of district courts. Mr. Ruiz's application is remanded to the USCIS. This Court further orders the USCIS to determine Mr. Ruiz's application within 120 days from the date of this Order.

## **CONCLUSION**

Mr. Ruiz's application is remanded to the USCIS. The USCIS is ordered to determine Mr. Ruiz's application within 120 days from the date of this Order. This case is closed. All pending motions are denied as moot.

DONE AND ORDERED in Chambers at Miami, Florida, this 15th day of October, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record